UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDRIAN SHERMAN,<br><br>                  Plaintiff,<br><br>     v.<br><br>STEVEN HOBBS, et al,<br><br>                  Defendant. | CASE NO. 2:20-cv-00748-RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Andrian Sherman, proceeding pro se, filed a 42 U.S.C. § 1983 complaint against several King County assistant prosecutors and public defenders seeking $300 million. Dkt. 6. Because Plaintiff's claims against these individuals were previously dismissed with prejudice, it is recommended that his complaint in this case be dismissed with prejudice.

DISCUSSION

The court must dismiss a complaint or portion thereof if a prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). This standard also applies to complaint brought by non-prisoners that are proceeding pro se. 28 U.S.C. § 1915(e)(2).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds"

REPORT AND RECOMMENDATION - 1

of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551, U.S. 89, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987) (citing *Broughton v. Cutter Labs*., 622 F.2d 458, 460 (9th Cir.1980)).

Plaintiff claims that on "re-trial" he was wrongfully convicted of first-degree aggravated assault with a deadly weapon arising out of an incident that occurred in Seattle, Washington on April 1, 2001. Dkt. 6. Plaintiff served a prison sentence of eleven years and three months and has been released. Plaintiff alleges that the assistant prosecutors and his public defenders withheld exculpatory evidence, collaborated in a conspiracy to fabricate a crime against him, and that he was forced to go back to prison for refusing to give in to a threat to sign a plea bargain admitting a crime that did not take place. *Id.*

State court records indicate that at the first trial, a jury convicted Plaintiff of first-degree assault, but could not reach a verdict on the robbery charge, which was subsequently dropped. Plaintiff's conviction on appeal was reversed because the trial judge failed to advise him of the maximum possible penalty, which rendered his waiver of counsel unknowing. During the second

REPORT AND RECOMMENDATION - 2

trial, the jury convicted Plaintiff of first degree assault with a deadly weapon enhancement. In 2004, Plaintiff contested this conviction in state appellate court, claiming that his Sixth Amendment Confrontation rights were violated when eyewitness testimony from the first trial was admitted because the eyewitness was unavailable to testify at the second trial. Plaintiff's conviction was affirmed. *See State v. Sherman*, 121 Wash.App. 1062 (June 1, 2004), *review denied*, 153 Wash.2d 1018 (March 1, 2005). It does not appear that Plaintiff ever contested his conviction in state appellate court for the reasons upon which he bases his claims in this case.

Just three months ago, Plaintiff's complaint against these same defendants alleging the same facts and wrongful conviction, was dismissed with prejudice by the Honorable District Judge James L. Robart. Dkt. 8 in Case 2:20-cv-00191-JLR, *Sherman v. Hobbs*, et al.[1] Judge Robart dismissed Plaintiff's claims against his public defenders (with prejudice and without leave to amend) because neither defendant was a state actor; and dismissed Plaintiff's claims against the state prosecutors (with prejudice and without leave to amend) because they are absolutely immune from civil damages suits premised upon acts committed within the scope of their official duties. Dkt. 7, pp. 5-7 (Case No. 20-191).

Judge Robart dismissed the remainder of Plaintiff's claims without prejudice and with leave to amend because Plaintiff had failed to show that his conviction has already been invalidated. Dkt. 7, p. 6 (Case No. 20-191) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on

---

[1] Despite having filed an essentially identical complaint just four months ago, when he filed the complaint in this action, which he signed pursuant to Rule 11, Plaintiff states that he has not brought any other lawsuits in any federal court in the United States.

REPORT AND RECOMMENDATION - 3

direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.")) Although Judge Robart allowed Plaintiff 20 days to file an amended complaint to correct the noted deficiencies, Plaintiff failed to do so and thereafter, the Court dismissed his complaint without further leave to amend and with prejudice. Dkt. 8 (Case No. 20-191).

In his most recent complaint, Plaintiff makes no effort to cure the deficiencies noted by Judge Robart. Instead, he has chosen to bring a second complaint against the same parties (who are either not state actors or are immune) and asserts the same claims (which are barred by *Heck*).[2] Accordingly, it is recommended that Plaintiff's complaint in this case be dismissed with prejudice and without leave to amend. Plaintiff also filed a Motion for Emergency Consideration of This Cause Due to Quarantine for COVID-19 Pandemic (Dkt. 7), requesting that his case be decided quickly, which may be denied as moot.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order.  Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **August 10, 2020**. The Clerk should note the matter for **August 12, 2020**, as ready for the District Judge's consideration if no objection is filed.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the

---

[2] The Court notes that, even if not barred by *Heck*, Plaintiff's claims are time-barred as § 1983 claims must be brought within three years. See, *Wilson v. Garcia,* 471 U.S. 261, 279-80, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (limitations period for § 1983 claims is determined by state statute of limitations for personal injury actions); Wash.Rev.Code § 4.16.080(2) (setting at three years the statute of limitations for personal injury actions).

REPORT AND RECOMMENDATION - 4

Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed seven (7) pages. The failure to timely object may affect the right to appeal.

DATED this 21st day of July, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge